MR. JUSTICE SHEEHY,
dissenting:
I dissent on the first issue.
I should have thought that the mere appearance of impropriety would be sufficient for this Court, which so lately approved the Rules of Professional Conduct (June 6, 1985) to rise and strike so anomalous a case as we have here: a deputy attorney general acting as hearing examiner in a case where the state agency is represented by another deputy attorney general.
For my part, I heartily discountenance such a cozy arrangement.
For the convenience of this Court and counsel, I point out that Rule 1.12(a) of the Rules of Professional Conduct debar a lawyer from representing a party in a matter where the lawyer participated personally and substantially as an adjudicative officer. Rule 1.12(c) debars any lawyer in a firm with which the first lawyer is associated from knowingly undertaking or continuing representation in the matter, unless certain conditions are met, which are not met here.
The most elemental notions of due process ought to tell us that objectivity is impossible when one party owns both the prosecutor and the judge.
There is indeed evidence that the Board bowed to the supposed superiority of a hearing examiner from the attorney general’s office. The minutes of the Board for August 15, 1984 reveal that John Dudis, a member of the Board and himself an attorney stated that if the hearing examiner “from the attorney general’s office has made his findings after going through this from top to bottom, and you [appellant’s counsel] should have had opportunities to put on wit *465 nesses and cross-examine, I am going along with the hearing examiner.”
We should send this case back to the Board of Realty Regulation for a new beginning.